18-669-ag
Yang v. Barr

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*,
JED S. RAKOFF,
*Judge.**

------------------------------------------------------------

RONG ZONG YANG,

    *Petitioner*,

      v.                    No. 18-669-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER:                THEODORE N. COX, Esq., New York, NY

FOR RESPONDENT:                SABATINO F. LEO, Senior Litigation Counsel, Office of Immigration Litigation (Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, on the brief), *for* Jeffrey B. Clark, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Rong Zong Yang, a native and citizen of the People's Republic of China, seeks review of a February 22, 2018 decision of the BIA affirming a June 2, 2017 decision of an Immigration Judge (IJ) denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).   In re Rong Zong Yang, No. A 208 617 096 (B.I.A. Feb. 22, 2018), aff'g No. A 208 617 096 (Immig. Ct. N.Y.C. June 2, 2017).   We assume the parties'

2

familiarity with the underlying facts and prior proceedings, to which we refer only as necessary to explain our decision to grant the petition.

We review the IJ's decision as modified by the BIA decision. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); Hong Fei Gao v. Sessions, 891 F.3d 67, 76 (2d Cir. 2018).

The IJ denied Yang's application after determining that Yang lacked credibility. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We defer to the IJ's credibility determination so long as it is "based on reasonable, substantial, and probative evidence in the record." Gurung v. Barr, 929 F.3d 56, 60 (2d Cir. 2019) (cleaned up).

3

Two decisions of this Court issued after the agency's decision in this case call into question the agency's adverse credibility determination.

First, in <u>Hong Fei Gao</u>, we emphasized that "not all omissions and inconsistencies will deserve the same weight." 891 F.3d at 77. We held that an applicant's failure to explain third-party omissions that do not create inconsistencies in the record has limited probative value. <u>Id.</u> at 81. So although the agency had faulted Gao for testifying that "his parents took him to a clinic immediately after his release, but neither his application nor his mother's letter disclosed" this fact, we concluded that "under the totality of the circumstances, the omissions regarding Gao's . . . clinic visit[] warranted little, if any, weight." <u>Id.</u> at 80–81. Here, the agency questioned Yang's credibility because he testified that police asked his parents about his religious practices prior to his arrest and that his parents accompanied him to the hospital for treatment, but his father's letter did not refer to either of these events.

Second, in <u>Gurung</u> we cautioned that "trivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies."

4

929 F.3d at 61.  We explained that this was especially true where, as here, the applicant "rel[ies] on an interpreter [or translator] to convey his story."  Id.

The agency's first example of an inconsistency related to Yang's statements regarding when he initially started attending church after moving back to his hometown in China.  Specifically, Yang wrote in his application that he "gradually" started following his parents to services, but he testified that he attended services immediately after his return.  To the extent any difference exists between Yang's description of his gradual attendance of services—i.e., attendance that changed in degree following Yang's return—and Yang's testimony that he attended services immediately upon his return, the difference in wording may be trivial in light of Gurung.

The second inconsistency to which the agency pointed involved the number of people who accompanied Yang to church on the day of his arrest. The IJ found that Yang first testified that he traveled to church with 20 people, but upon further questioning testified that he traveled with one or two friends that day.  According to the IJ, this "wide variation" constituted a "significant inconsistency" weighing against Yang's credibility.  Certified Administrative

5

Record ("C.A.R.") at 62. In our view, however, there was no inconsistency. Contrary to the IJ's finding, Yang did not testify that he traveled to church with 20 people, but rather that he "went to" (i.e., attended) church with 20 people. See Gurung, 929 F.3d at 61 (noting that an IJ's witness credibility evaluation must be "tethered" to the record and concluding that a reasonable reading of the record failed to support the finding of an inconsistency). Although Yang's subsequent testimony was not clear about whether he traveled to church in a group of two or three on the day of his arrest, his lack of clarity is significantly less probative of credibility than was the misinterpreted testimony on which the agency relied.

We recognize that the IJ described other deficiencies in arriving at the adverse credibility determination, including that Yang's demeanor "undermined his claim." C.A.R. at 65; see Jin Chen v. U.S. Dep't of Justice, 426 F.3d 104, 113 (2d Cir. 2005) (IJ's demeanor finding deserves "particular deference"). In view of the errors noted above as to the IJ's first two findings of inconsistencies, however, we cannot be confident that the agency would have reached the same outcome based solely on these other supporting factors. Accordingly, remand

is warranted for the agency to reconsider the adverse credibility determination in light of <u>Hong Fei Gao</u> and <u>Gurung</u>, as well as the errors described in this order. <u>See</u> <u>Gurung</u>, 929 F.3d at 62.

For the foregoing reasons, we GRANT the petition for review, VACATE the decision of the BIA, and REMAND the case to the agency for reconsideration consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court